**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 10-cv-02359-REB

MICHAEL MCLEAN DENNIS,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

The matter before me is plaintiff's **Complaint** [#3][1] filed September 27, 2010, seeking review of the Commissioner's decision denying plaintiff's claim for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse and remand.

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that he is disabled as a result of paranoia, post-traumatic stress disorder, asthma, chronic obstructive pulmonary disease, and Hepatitis C. After his application for supplemental security income benefits was denied, plaintiff requested a

---

[1] "[#3]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's electronic case filing and management system (CM/ECF). I use this convention throughout this order.

hearing before an administrative law judge. This hearing was held on April 13, 2010. At the time of the hearing, plaintiff was 49 years old. He has a tenth grade education, supplemented by a GED, and past relevant work experience as a roofer, construction worker, and bartender. He has not engaged in substantial gainful activity since well prior to January 24, 2007, the date of his application for benefits.

The ALJ found that plaintiff was not disabled and, therefore, not entitled to supplemental security income benefits. Although the medical evidence established that plaintiff suffered from severe mental impairments, the judge concluded that the severity of those impairments did not meet or equal any impairment listed in the social security regulations. All plaintiff's alleged physical impairments were found to be non-severe. The ALJ found that plaintiff had the residual functional capacity to perform a full range of work at all exertional levels but with nonexertional limitations. Although this finding precluded plaintiff's past relevant work, the ALJ concluded that there were jobs existing in significant numbers in the national and local economies that were within plaintiff's residual functional capacity. He, therefore, found plaintiff not disabled at step five of the sequential evaluation. Plaintiff appealed this decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and/or mental impairments preclude him from performing both his previous work and any other "substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2). "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the

impairments in making a disability determination." ***Campbell v. Bowen***, 822 F.2d 1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

> 1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.
>
> 2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.
>
> 3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.
>
> 4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.
>
> 5. If the claimant does not have the residual functional capacity to perform her past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 416.920(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four steps of this analysis.  ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  ***Id.***  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  ***Brown***, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff argues that the ALJ erred primarily in failing to adequately develop the record, thereby infecting the entirety of his disability decision.  I concur, and, thus, remand.

Administrative hearings before the ALJ are non-adversarial in nature.  ***Hawkins v. Chater***, 113 F.3d 1162, 1164 (10th Cir. 1997).  Thus, although it is ultimately plaintiff's burden to establish that he is entitled to the benefits he seeks, ***id.***, the ALJ is required to ensure that the record is adequately developed to permit determination of the issues implicated by the hearing, ***see Carter v. Chater,*** 73 F.3d 1019, 1022 (10th Cir. 1996); ***Henrie v. United States Department of Health and Human Services***, 13 F.3d 359, 360-61 (10th Cir. 1993).  This duty is especially heightened where, as here, plaintiff is unrepresented by counsel at the hearing.  ***Carter***, 73 F.3d at 1021.[2]  Although the ALJ need not "exhaust every possible line of inquiry in an attempt to pursue every potential line of questioning," he must use reasonable good judgment to ensure that the record fairly addresses the material issues.  ***Hawkins v. Chater***, 113 F.3d 1162, 1168 (10th Cir. 1997).

It is undisputed that plaintiff has been in prison since September, 2007, no more than nine months prior to his application date.  Not coincidentally, his treatment record abruptly terminates as of the date of his incarceration.  The Commissioner's suggestion that the ALJ could not have been expected to know that plaintiff had received treatment

---

[2] This same rationale arguably applies with at least equal force when the claimant is incarcerated and/or mentally ill.  ***See DeLorme v. Sullivan***, 924 F.2d 841, 849 (9th Cir. 1991); ***Ransom v. Bowen***, 844 F.2d 1326, 1331 fn.4 (7th Cir.), ***cert. denied***, 109 S.Ct. 499 (1988); ***Scott v. Astrue***, 2010 WL 3893685 at *1 (M.D. Fla. Sept. 30, 2010).

after this time through the prison system is belied by the record of the hearing. Plaintiff testified that he had one or more treating physicians while in prison, that he participates in at least four hours of therapy each day, and that he has been prescribed medication to control his psychological impairments. (Tr. 33-35.) All such testimony clearly indicates the strong possibility that medical records exist that would speak to plaintiff's alleged impairments during the relevant period of time.[3]

Clearly, the ALJ failed in his duty to adequately develop the record in this case. That lapse infected the entirety of his decision, for without a fuller picture of plaintiff's medical history, it is not possible to say that the ALJ correctly determined that plaintiff's physical impairments were non-severe at step 2 of the sequential evaluation, that he properly assessed plaintiff's residual functional capacity in the absence of substance abuse,[4] or that he crafted a proper hypothetical to the vocational expert which incorporated all plaintiff's impairments.

Although the Commissioner urges me to find this error harmless, I cannot. To accept the Commissioner's suggestion that plaintiff's evidence would not change the outcome of the disability decision, I would be required to make factual determinations well beyond the purview of my limited role in this appeal. I decline to do so.

---

[3] It appears that plaintiff requested his medical records from the Department of Corrections approximately six weeks prior to the hearing. (*See* **Complaint App.**, Exh. (G)(1) [#3], filed September 27, 2010.)

[4] In addition, although the ALJ concluded that "it is difficult to avoid the conclusion that the claimant's mental symptoms have remained stable without his use of substances" (Tr. 18 ), and found substance addition disorder to be a severe impairment (Tr. 15), his opinion failed to analyze whether substance abuse or addiction were contributing factors material to the finding of disability, as required by the Contract With America Advancement Act of 1996. *See* Pub. L. 104-121, 110 Stat. 847, §§ 105(a)(1)(C) & 105(b)(1)(I) (codified at 42 U.S.C. §§ 423(d)(2)(C) & 1382c(a)(3)(i)); *see also Drapeau v. Massanari*, 255 F.3d 1211, 1214 (10th Cir. 2001). This oversight should be rectified on remand as well.

Although plaintiff requests a directed award of benefits, I do not find that this case presents an appropriate occasion for the exercise of my discretion in that regard. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).[5]

## IV. ORDERS

**THEREFORE, IT IS ORDERED** as follows:

1. That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **REVERSED**;

2. That this case is **REMANDED** to the ALJ, who is directed to

   a. Supplement the record with any and all available medical evidence relevant to the time period since plaintiff's date of incarceration;

   b. Reevaluate plaintiff's alleged physical and psychological impairments in light of the record as a whole; and

   c. Reassess the disability determination; and

3. That plaintiff is **AWARDED** his costs, to be taxed by the clerk of the court pursuant to Fed.R.Civ.P. 54(d)(1) and D.C.COLO.LCivR 54.1 and 28 U.S.C. § 2412(a)(1).

Dated March 14, 2012, at Denver, Colorado.

                                                  **BY THE COURT:**

*Robert E. Blackburn*
Robert E. Blackburn
United States District Judge

---

[5] I do not intimate by my ruling herein that plaintiff is or should be found disabled.

7